## THE O. C. DE WITT.

### BATES v. THE O. C. DE WITT.

(District Court, E. D. New York. January 11, 1894.)

SALVAGE — EXAGGERATED CLAIM — COSTS — PROPERTY FORCIBLY TAKEN FROM SALVOR.

Where one-half of the value of a boat and cargo worth $1,700 was claimed as salvage, but on the trial the claim was shown to have been greatly exaggerated, only $50 salvage being awarded, claimants would have been allowed costs but for the fact that shortly after the service they forcibly took the property from the salvors; and no costs were given to either party.

In Admiralty. Libel for salvage. Decree for libelant, without costs to either party.

Hyland & Zabriskie, for libelant.
T. C. Campbell, for The O. C. De Witt.
Carpenter & Mosher, (Mr. Symmers,) for the cargo.

BENEDICT, District Judge. This is an action to recover salvage compensation for services rendered by the steam canal boat Columbia in towing the canal boat O. C. De Witt back to the slip from which she had drifted on the evening of the 9th of September, 1893.

The service rendered is a salvage service, because it was voluntary, and rendered to a vessel that was adrift, without any person on board, and therefore in some peril. The peril, however, was very slight, as other tugs were present who might have rendered the same service; and, upon the evidence, the probability is that the boat, if left to itself, would have brought up on adjacent mud flats, where she could have remained without injury. The service rendered, although of some value, was very slight, occupying but a short time, and involving no risk and very little labor. The description of the service given in the libel is greatly exaggerated. It is there stated that the boat was derelict, when the fact was that the boat got adrift in the slip during the temporary absence of her master, and because third parties moved her during such absence. It is also stated that the Columbia, at great risk to her own safety, started after the canal boat, when in fact there was no risk whatever. The weight of the evidence is that the service occupied but a very short time, and not two or two and a half hours, as stated in the libel. The libel also untruly alleges a demand and refusal. The value of the canal boat is $1,000, and the value of the cargo of coal is $700. The libelant claims half of the value of the canal boat and coal. In my opinion, for such a service, in such a case, $50 would be an ample salvage award.

In view of the exaggerated claim made, I should feel it my duty to award costs to the claimants in this case, were it not for the fact that shortly after the rendition of the service, and while the boat was in the possession of salvors, she was forcibly taken away from their possession by the master of the canal boat, and others acting

with him. By reason of this circumstance I do not mulct the libelant in costs, but I award $50 salvage compensation, without costs to either party.